[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 67, and the defendant wife, 65, whose birth name is Frank married on September 26, 1970 in Juarez, Mexico. The plaintiff's first marriage had terminated by dissolution, and the defendant had been widowed. The plaintiff brought three young children to the marriage. The defendant brought two young children to the marriage. No child was born of CT Page 8095 their marriage.
The plaintiff was then employed by CBS where he continued to work until February, 1988 when he retired. Although he has attempted two business ventures since then, neither has come to fruition.
When the plaintiff retired he elected the lump sum option in lieu of a monthly annuity thereby receiving $455,306 (Defendant's Exhibit I). He created an IRA which has grown to $1,050,639. He never withdrew any money. The defendant consented to the lump sum payment.
In 1982 he inherited $254,000 from his mother (Defendant's Exhibit H) which he invested in mutual funds.
The plaintiff's financial affidavit dated October 16, 1996 listed total assets, excluding his claimed interest in the marital home, as $1,537,083. The plaintiff estimates he brought $3,000 to the marriage and was ignorant of the defendant's assets when they married.
The plaintiff, when married, had substantial assets totaling well over one million dollars. She inherited another $1,300,00 from her mother's estate in 1982.
The defendant purchased a home in Greenwich, Connecticut, known as 16 Birch Lane in September, 1975 for $120,000 subject to a $70,000 mortgage. Since then the defendant has spent $400,000 on improvements and $50,000 on landscaping.
The parties also maintained an apartment in New York City from 1970 until 1995. During these years the defendant was a principal in one restaurant for 14 years and a second subsequent one for six years.
The defendant's net worth has now grown $5,181,000 including a residence at 2421 Dickey Place, Houston, Texas which she has occupied as her home since May, 1996.
Both parties testified that their marriage was "wondrous" for 20 years. In 1990 and 1991 the defendant began to detect changes in the plaintiff's behavior, when he became more moody. Their relationship continued to slowly deteriorate until the plaintiff commenced this action by complaint served on the defendant on CT Page 8096 January 29, 1995 at the Greenwich house. Even then the defendant asked the plaintiff if they could address the problems in the marriage. Unknown to the defendant until the plaintiff's deposition was being taken, the plaintiff had been engaged in a l'affaire de coeur[1] for several years. The court is satisfied that the plaintiff's involvement with another woman was the cause of the marriage breakdown.
The plaintiff's health is reasonably good. The defendant had breast cancer, two operations and post op treatment. She stated she was now feeling "great".
Neither party has contributed to the acquisition, preservation or appreciation in value of the estate of the other party, except for the Greenwich home. The defendant paid the monthly mortgage installment for twenty years, as well as the real estate taxes. The other expenses he paid, telephone, heat, electric, cable TV, snow plowing and the like fall into the maintenance of family living category. The plaintiff requests that he be awarded the Greenwich property. The court declines to do so but will award a lump sum that will help him acquire other living quarters in Greenwich if he so chooses.
The plaintiff requests $2,000 for restoration cost anticipated for repair of damaged photos. The court has insufficient evidence to grant this request.
Neither party requests periodic alimony, and the court finds no reason to enter such an order.
Having considered the evidence in light of the case law and the provisions of § 46b-81 and § 46b-82, the court enters the following judgment.
1. The allegations of the complaint are found proven and true. Judgment is entered dissolving the marriage on the ground alleged of irretrievable breakdown.
2. The defendant's former name of Rowan is restored to her.
3. The plaintiff is awarded a lump sum property division payment of $500,000 to be paid by the defendant to him on or before December 31, 1996.
4. The parties shall otherwise retain the assets they each CT Page 8097 now possess except for the contents of the Greenwich home which shall be equitably divided by the parties as to those items the parties purchased during the marriage. Any furnishings or furniture belonging to the defendant, her family members or otherwise received by her gift or bequest shall remain her sole property. If the parties disagree, either party may move for an articulation.
5. No periodic alimony is awarded.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, JUDGE